[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Sue Wise, was ineffective in assisting him in that she (1) failed to contact and interview witnesses who would have presented exculpatory information at trial; (2) failed to adequately interview and prepare a defense witness resulting in a severe impairment of the credibility of said witness; and (3) failed to adequately investigate and present petitioner's alibi defense. The petitioner also alleges that his trial attorney, at the time of his criminal trial, was representing himself and his two brothers in an unrelated criminal proceeding, resulting in an impermissible conflict of interest which impaired her ability to represent him diligently and zealously in his criminal trial.
The petitioner's arrest resulted from an incident on October 31, 1989 which occurred as the victim was walking on Kensington Street in New Haven and was approached by seven males, ages from seventeen to twenty years who, having been refused a sale to the victim of cocaine, began to beat the victim and then robbed him. The victim later identified the petitioner as one of his assailants from trays of photographs shown to him by the police.
The petitioner was the only witness called at this habeas hearing. His criminal trial attorney, Sue Wise, had died previously. He testified that one Millicent Hansbury had information which would be helpful in his defense as well his aunt, Renee Smith. He claimed he was with his sister, Rotecia Smith, and her kids as well as his aunt on Halloween, October 31, CT Page 716 1989, trick and treating from at least 6:30 p. m. until 8:30 p. m., a time during which the alleged crimes occurred. He had given the names and addresses of these witnesses to his attorney and she had failed to properly investigate and present these witnesses. Millicent Hansbury no longer lives at the address he had known as her home and he neither knows where she is now or when she had moved. He has failed to call his aunt for this hearing but his sister who testified at his criminal trial testified that at that time her aunt lived in Montgomery, Alabama. His sister after two hours of cross-examination during which she testified how she was certain October 31, 1989 was the day and the only day the petitioner accompanied her and her kids, his aunt and his nephew and younger sister on a trick and treating trip was impeached by the records of Niantic Correctional Institute showing that she was incarcerated there from October 30, 1989 through November 1, 1989. The transcript of the trial, Petitioner's Exhibit 1, reveals that prior to the impeaching evidence being offered, trial counsel filed a motion to withdraw as counsel for the petitioner requesting either an in camera examination of an affidavit or a sealed hearing by another judicial officer to avoid prejudice to the petitioner in the continuation of his criminal trial and avoidance of a violation of the Code of Professional Conduct by his trial attorney. It is apparent from the citations given that the attorney had become aware of improper and fraudulent conduct by her client. Matza v. Matza,27 Conn. App. 769 (1992).
The petitioner also testified that his trial attorney by her concurrent representation of his two brothers, Roy Smith and Michael Ketchum, on other unrelated criminal charges, had a conflict of interest. His claim is that since all three brother were charged with several assault, robbery and narcotics charges, even though not necessarily related, prevented his counsel from negotiating a package deal on the charges against him. Although all three brothers eventually received a total sentence of twenty-seven (27) years, he was unable to demonstrate that his counsel's representation caused him any prejudice. He received four (4) concurrent sentences on the four counts in the underlying criminal trial herein of fifteen (15) years each for a total effective sentence of fifteen (15) years. Subsequently he received a package deal for all other outstanding offenses of twelve (12) years consecutive. The consecutive sentence was imposed more than one year prior to the sentences imposed on his brothers and therefore had no dependency on their plea. Neither brother gained at the petitioner's detriment. Festo v. Luckart, CT Page 717191 Conn. 622, 631.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359. The petitioner's attempt to fabricate a defense has not resulted in an unreliable conviction since the certainty of the victim's identification remains credible undisturbed by any offer of the petitioner, Bunkley v. Commissioner of Correction, 222 Conn. 444,463.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee